John V. Picone (State Bar No. 187226)
jpicone@hopkinscarley.com
Jennifer S. Coleman (State Bar No. 213210)
jcoleman@hopkinscarley.com
C. Gideon Korrell (State Bar No. 284890)
gkorrell@hopkinscarley.com

HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, California  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA  95109-1469
Telephone:      (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiffs
ENVISTA, LLC and ENVISTA CONCEPTS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ENVISTA, LLC, an Indiana limited liability company and ENVISTA CONCEPTS, LLC, an Indiana limited liability company , <br><br> Plaintiffs, <br><br> v. <br><br> AUDINTEL, INC., a California corporation; RAGHVENDRA SINHA, an individual; and DOES 1-20, <br><br> Defendant. | CASE NO.  4:16-cv-06765-HSG <br><br> **PLAINTIFFS ENVISTA, LLC AND ENVISTA CONCEPTS, LLC'S OPPOSITION TO DEFENDANT RAGHVENDRA SINHA'S MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE** <br><br> Hon. Haywood S Gilliam, Jr. <br> Magistrate Judge Laurel Beeler <br><br> Date:          August 17, 2017 <br> Time:          2:00 p.m. <br> Location:     Courtroom 2 <br><br> Trial Date:    None |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5

ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                    4:16-cv-06765-HSG

I. INTRODUCTION .................................................................................................... 1

II. STATEMENT OF FACTS .................................................................................... 2

III. LEGAL ARGUMENT ........................................................................................ 3

A.   This Court May Assert Specific Jurisdiction Over Defendant Under California's Long-Arm Statute .......................................................................... 4

    1.   Mr. Sinha Purposefully Availed Himself to the Laws and Protections of California ......................................................................... 5

    2.   Claims Asserted Against Defendant Mr. Sinha Arise Out of His Forum-Related Acts ............................................................................. 7

    3.   Exercising Jurisdiction Over Mr. Sinha Is Reasonable......................... 8

B.   This Court May Also Assert Specific Jurisdiction Over Defendant Under the Federal Long-Arm Statute.......................................................................... 11

    1.   The Action Arises Under Federal Law ................................................. 12

    2.   Defendant Has Admitted that He Is Not Subject to Jurisdiction Anywhere in the United States.............................................................. 12

    3.   Defendant's Contacts with the United States as a Whole Satisfy the Applicable Constitutional Requirements ...................................... 12

C.   Plaintiffs Are Entitled to Jurisdictional Discovery or at Least Dismissal Without Prejudice to Further Establish Jurisdiction if Necessary. ................. 13

D.   Venue is Appropriate in this District .............................................................. 14

IV. CONCLUSION................................................................................................... 15

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5

ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                    4:16-cv-06765-HSG

**CASES**

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*,
125 F. Supp. 3d 945 (N.D. Cal. 2015) .........................................................................................7

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
223 F3d 1082 (9th Cir. 2000).......................................................................................................5

*Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*,
283 F.3d 208 (4th Cir. 2002).......................................................................................................13

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
21 F.3d 1558 (Fed. Cir. 1994)......................................................................................................8

*Brainerd v. Governors of the Univ. of Alberta*,
873 F.2d 1257 (9th Cir. 1989).....................................................................................................10

*Burger King v. Rudzewicz*,
471 U.S. 462 (1985).................................................................................................................5, 8

*Calder v. Jones*,
465 U.S. 783 (1984)......................................................................................................................5

*Dillon v. Murphy & Hourihane, LLP*,
No. 14–cv–01908–BLF, 2014 WL 5409040 (N.D. Cal. Oct. 22, 2014)......................................5

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001)....................................................................................................3, 4

*Enertrode, Inc. v. Gen. Capacitor Co. Ltd*,
No. 16-CV-02458-HSG, 2016 WL 7475611 (N.D. Cal. Dec. 29, 2016)....................3, 4, 5, 8

*Fighter's Market, Inc. v. Champion Courage LLC*,
No.: 3:16-cv-01271-GPC-BGS, 2016 WL 4879437 (S.D. Cal. Sept. 14, 2016) .........5, 6, 7, 8

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
284 F.3d 1114 (9th Cir. 2002)...............................................................................................11, 12

*Goes Int'l, AB v. Dodur Ltd.*,
No. 3:14-CV-05666-LB, 2015 WL 5043296 (N.D. Cal. Aug. 26, 2015) .............................12

*Gray & Co. v. Firstenberg Mach. Co.*,
913 F.2d 758 (9th Cir. 1990).........................................................................................................7

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
328 F.3d 1122 (9th Cir. 2003)..................................................................................................4, 14

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
485 F.3d 450 (9th Cir. 2007).......................................................................................................12

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*,
326 U.S. 310 (1945) ......................................................................................................................4

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                                              -ii-

*Invitrogen Corp. v. President & Fellows of Harvard Coll.*,
Case No. C-07-CV-0878-JLSPOR, 2007 WL 2915058 (S.D. Cal. Oct. 4,
2007) ...............................................................................................................................13

*ISI Int'l, Inc. v. Borden Lasdner Gervais LLP*,
256 F.3d 548 (7th Cir. 2001).........................................................................................12

*Jenkins Brick Co. v. Bremer*,
321 F.3d 1366 (11th Cir. 2003).....................................................................................14

*Laub v. U.S. Dep't of Interior*,
342 F.3d 1080 (9th Cir. 2003)........................................................................................13

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011)..........................................................................................6

*Mehr v. Fed'n Internationale de Football Ass'n*,
115 F. Supp. 3d 1035 (N.D. Cal. 2015) .........................................................................14

*Openwave Sys. Inc. v. Fuld*,
No. C 08-5683 SI, 2009 WL 1622164 (N.D. Cal. June 6, 2009)................................9, 10

*Orchid Biosciences, Inc. v. St. Louis University*,
198 F.R.D. 670 (S.D. Cal. 2001)....................................................................................13

*Panavision Int'l v. Toeppen*,
141 F.3d 1316 (9th Cir. 1998)..................................................................................5, 8, 9

*Pecoraro v. Sky Ranch for Boys, Inc.*,
340 F.3d 558 (8th Cir. 2003)..........................................................................................14

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004)........................................................................................4, 5

*Sinatra v. Nat'l Enquirer, Inc.*,
854 F.2d 1191 (9th Cir. 1988).........................................................................................9

*Teras Cargo Transp. (Am.), LLC v. Cal Dive International (Austl.) Pty Ltd.*,
No. 15-cv-03566-JSC, 2015 WL 6089276 (N.D. Cal. Oct. 16, 2015)....................4, 11, 12

*Walden v. Fiore*,
134 S. Ct. 1115 (2014) .....................................................................................................3

*Washington Shoe Co. v. A-Z Sporting Goods Inc.*,
704 F.3d 668 (9th Cir. 2012).....................................................................................5, 6, 7

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*,
556 F.2d 406 (9th Cir. 1977)..........................................................................................13

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                                         -iii-

**STATUTES**

28 U.S.C. § 1367 ........................................................................................................................15

28 U.S.C. § 1391(b)(2)................................................................................................................14

28 U.S.C. § 1391(b)(3)................................................................................................................15

**RULES**

FRCP Rule 4(k)(2) ............................................................................................................. 1, 11, 12

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                                                        -iv-

ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                    4:16-cv-06765-HSG

## I.  INTRODUCTION

Defendant Raghvendra Sinha's ("Mr. Sinha") primary argument is that the Court cannot exercise jurisdiction over him because he did not purposely direct his tortious activities towards California or purposely avail himself of the privilege of conducting business in California. Mr. Sinha fails to acknowledge the fact that he is a co-founder, director, and majority shareholder of a closely-held California corporation headquartered in Cupertino, Audintel, Inc. ("Audintel"), which is the other party to the wrongs that have been alleged in this case. The website of Mr. Sinha's company proudly and prominently promotes itself as being a Silicon Valley technology company, stating on its homepage "We are based in California, USA" and listing its business address in Cupertino. Under Mr. Sinha's direction and supervision, Audintel is actively using and promoting the software that Plaintiffs allege Mr. Sinha stole.

Mr. Sinha cannot hide from the jurisdiction of this Court simply because he has no bank accounts, property, agents, or pays no taxes here. Audintel and Mr. Sinha are unfairly competing against Plaintiffs for customers in the U.S. and California using misappropriated software owned by Plaintiffs.  Mr. Sinha's actions are a direct and proximate cause of harm to Plaintiffs' business in the U.S. and California.

In addition, under FRCP Rule 4(k)(2), this Court may exercise personal jurisdiction over Mr. Sinha even when, as Mr. Sinha's motion suggests, he has insufficient minimal contacts in California, because the exercise of jurisdiction is reasonable. Mr. Sinha's activities have been directed toward selling his software product and servicing his customers located within the U.S.

Mr. Sinha cannot on the one hand promote his company Audintel's status as a California company to attract U.S. and California customers while on the other hand claim that he has not purposely availed himself of the privilege of doing business in the U.S. and California. There is no doubt that Mr. Sinha's activities through his company have been directed to California and across the U.S., proof of which will be demonstrated by the fact that Mr. Sinha will remain to be the key fact witness—and quite possibly the only fact witness—for Defendants in this case, without regard to the outcome of this Motion.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5

ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                    4:16-cv-06765-HSG

## II. STATEMENT OF FACTS

The following facts are based on the allegations in the Complaint. None of them have been contradicted by Mr. Sinha's Motion Brief or supporting declaration.

Plaintiffs enVista, LLC and enVista Concepts, LLC (collectively "enVista" or "Plaintiffs") were both originally formed as California limited liability companies in 2002 and 2003, respectively. Complaint, at ¶1.

Mr. Sinha was employed for enVista beginning in or about November 2003 and continued worked for enVista and then EITS until the end of July 2015. *Id.* at ¶4. Beginning his career with enVista as a programmer based in Cupertino, California, Mr. Sinha was one of the chief software developers and architects of enVista's software product known as myShipINFO. *Id.* at ¶9. The unauthorized access, use, copying, and misappropriation of the myShipINFO source code and customer information is the primary subject of this lawsuit. *Id.* at ¶¶18-20.

At the time of his departure from EITS, Mr. Sinha held the title of Director. *Id.* at ¶13. Mr. Sinha was in charge of the group whose primary function is to develop and support the source code for myShipINFO. *Id.* at ¶8. enVista, Inc. owns the myShipINFO software product and licenses it to its customers. *Id.* at ¶¶4, 8-9. enVista's U.S.-based customers include high volume parcel shippers who use the myShipINFO software product to audit their invoices issued by U.S.-based carriers such as FedEx and UPS, to find and report errors, enabling the customer to obtain refunds and thereby save money on shipping. *Id.* at ¶9.

Mr. Sinha is the co-founder and majority shareholder of Audintel, a California corporation. *Id.* at ¶¶3, 18. Audintel was incorporated after Mr. Sinha's departure from EITS, on or about January 29, 2016. *Id.* at ¶18. Through its website, Audintel's claims to provide software and services with functionality that is substantially similar to that of—and touts certain features and reports that are unusual in their similarity to—the myShipINFO software product that Mr. Sinha helped develop when was employed by enVista. *Id.* at ¶19.

enVista's Complaint asserts federal causes of action against Mr. Sinha, including misappropriation of trade secrets under 18 U.S.C. §§ 1831-1839, copyright infringement under

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                                            -2-
ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                        4:16-cv-06765-HSG

17 U.S.C. § 106, and unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

In addition to the above uncontested facts, the following additional facts are relevant.

Mr. Sinha is listed as one of the directors of Audintel. Declaration of C. Gideon Korrell in Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Korrell Decl.") at ¶2, Exh. 1.

Audintel's homepage states: "We are based in California, USA" and lists an address located at 19925 Stevens Creek Blvd., Suite 100, Cupertino, CA 95014-2358. *Id.* at ¶3, Exh. 2.

The web-based service offered by Audintel directly competes with enVista's web-based myShipINFO software product. *Compare id*. at ¶6, Exh. 5 (enVista's website describing its myShipINFO product as "a cloud-based, global freight audit & payment solution") *with id.* ¶4, Exh. 3 (Audintel's website describing its product as "a service oriented product . . . in the small parcel audit domain"). Audintel describes itself on its website: "We act as your audit claims partner, you just provide us your account credentials and we tracks [*sic*] all your shipments, the schedule delivery date and actual delivery date for each, and determine whether they are on time. . . . We are an ideal invoice audit company for any shipper but specially [*sic*] small to medium business owners." *Id.* at ¶5, Exh. 4.

The attorneys representing Mr. Sinha in the present Motion are the same as those who are representing Audintel in this lawsuit. *Compare* Dkt. 22 at 1 (Audintel's Motion to Dismiss) *with* Dkt. 44 at 1 (Mr. Sinha's Motion to Dismiss).

### III.  LEGAL ARGUMENT

Personal jurisdiction can be based on either general jurisdiction, in which a defendant's acts in the forum are "substantial, continuous and systematic," *Enertrode, Inc. v. Gen. Capacitor Co. Ltd*, No. 16-CV-02458-HSG, 2016 WL 7475611 at *2 (N.D. Cal. Dec. 29, 2016) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001) (per curiam)), or specific jurisdiction, which "depends on an affiliation between the forum and the underlying controversy," *id.* (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1121 n.6 (2014)).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5

-3-

ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE

4:16-cv-06765-HSG

Defendant's Motion fails because Mr. Sinha is subject to specific personal jurisdiction in California, or, alternatively, in any forum in the United States.   Mr. Sinha is the co-founder, director and majority shareholder of a closely-held California corporation and aimed his tortious conduct at California and the United States. While the plaintiff has the burden of demonstrating that the court has jurisdiction over a defendant, this demonstration requires that the plaintiff "make only a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Unocal*, 248 F.3d at 922 (internal citations omitted). Moreover, for the purpose of this demonstration, the court must resolve all disputed facts in favor of the non-moving party, here, Plaintiffs enVista, LLC and enVista Concepts, LLC ("enVista"). *Id.*

While it may be possible that Mr. Sinha—the founder, director, and majority shareholder of Defendant Audintel—conducts sufficient activities in California to enable a court to exercise general jurisdiction over him, Plaintiffs presently lack sufficient facts to reach this conclusion. Again, the Court's exercise of general jurisdiction over Mr. Sinha is not relevant due to its ability to exercise specific jurisdiction.

### A.   This Court May Assert Specific Jurisdiction Over Defendant Under California's Long-Arm Statute

"Where 'there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies.'" *Enertrode*, 2016 WL 7475611 at \*2 (quoting *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003)). "California's long-arm statute has the same due process requirements as the federal long-arm statute." *Teras Cargo Transp. (Am.), LLC v. Cal Dive International (Austl.) Pty Ltd.*, No. 15-cv-03566-JSC, 2015 WL 6089276 at \*4 (N.D. Cal. Oct. 16, 2015) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)). "The Due Process Clause requires that nonresident defendants have 'minimum contact' with the forum state such that the exercise of personal jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                                    -4-

ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                    4:16-cv-06765-HSG

The Ninth Circuit applies a "Minimum Contact Test" to determine whether a party has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> 1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum, or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> 2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> 3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Enertrode Inc.*, 2016 WL 7475611 at *5 (quoting *Schwarzenegger*, 374 F.3d at 802). Plaintiffs bear the burden of satisfactorily showing the first two prongs of this test are met. *Id.* Where a plaintiff satisfies the first two of those three factors, the Supreme Court "explicitly places upon the <u>defendant</u> the burden of demonstrating unreasonableness and requires the defendant to put on a 'compelling case.'" *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 at 1086, 1089 (9th Cir. 2000) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 476-77 (1985) (emphasis added)); *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998).

### 1. Mr. Sinha Purposefully Availed Himself to the Laws and Protections of California

"When a case sounds in tort, as this one does, the Court is concerned with whether the defendant has 'purposefully directed' its activities at the forum state." *Dillon v. Murphy & Hourihane, LLP*, No. 14–cv–01908–BLF, 2014 WL 5409040 at *4 (N.D. Cal. Oct. 22, 2014). Specifically, "[i]n tort cases, [courts] typically inquire whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum.'" *Fighter's Market, Inc. v. Champion Courage LLC*, No.: 3:16-cv-01271-GPC-BGS, 2016 WL 4879437 at *4 (S.D. Cal. Sept. 14, 2016) (quoting *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672–73 (9th Cir. 2012)). "The 'purposeful direction' or 'effects' test is based on *Calder v. Jones*, 465 U.S. 783 [. . .] (1984)," and "requires that the

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                                    -5-

ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                    4:16-cv-06765-HSG

defendant '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id*. (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011)).

In applying the *Calder* test, the first requirement, an "intentional act," means an "external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." *Id.* at *5 (quoting *Washington Shoe*, 704 F.3d at 674). For the second requirement, "expressly aimed" means "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id.*  (quoting *Washington Shoe*, 704 F.3d at 675). In a case alleging infringement of intellectual property rights, the "expressly aimed" element is satisfied "where a defendant *knows*—as opposed to being able to foresee—that an intentional act will impact another state." *Id.* (quoting *Washington Shoe*, 704 F.3d at 677). Finally, the third requirement that a defendant knows that harm will likely be suffered in the forum state, means a defendant must "[know] or should have known that the impact of its infringement would cause harm likely to be suffered in California." *Id.* (citing *Washington Shoe*, 704 F.3d at 679).

Here, Mr. Sinha personally, and through his California corporation, committed the unauthorized acts of accessing, copying, using, and modifying enVista's myShipINFO source code and then falsely advertising and selling a product based on enVista's myShipINFO source code. As a former employee of enVista, Mr. Sinha committed these acts with the knowledge that enVista owned the myShipINFO software. Mr. Sinha's assertion that all of the accused wrongful behavior occurred in India ignores the fact that his behavior—e.g., copying, misappropriating, and falsely advertising—has been specifically directed to the U.S. market, including California, where it has been felt by enVista.

Mr. Sinha is also aware that his intentional acts targeted California, as he engaged in wrongful conduct targeted at enVista, whom Mr. Sinha knew through his past employment to be a California corporation. Indeed, for several years beginning in 2003, Mr. Sinha lived in California and worked for enVista. Moreover, Mr. Sinha formed his company Audintel as a

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                                    -6-

California corporation, with the purpose of that company to compete with enVista's myShipINFO software in U.S. markets including California while falsely claiming that Audintel was selling software that it developed itself. Therefore, Defendant "expressly aimed" his intentional acts at California, engaging in wrongful conduct targeted at enVista, whom he knew to be a resident of California.

Finally, the third requirement of the "effects" test is met if a defendant "[knew] or should have known that the impact of its infringement would cause harm likely to be suffered in California." *Fighter's Market, Inc.*, 2016 WL 4879437 at \*7   (citing *Washington Shoe*, 704 F.3d at 679). In this case, Mr. Sinha, the founder, director, and majority shareholder of California corporation Audintel, knew or should have known that the impact of infringing enVista's copyrighted software and misappropriating enVista's trade secrets would "cause harm likely to be suffered in California." *Id.* Mr. Sinha knew or should have known that the harm he would cause would impact enVista in California, as enVista is the sole owner of the source code.

### 2.      Claims Asserted Against Defendant Mr. Sinha Arise Out of His Forum-Related Acts

To determine the "arising out of" requirement, the Ninth Circuit has adopted the "but for" test. *Fighters Market Inc.*, 2016 WL 4879437 at \*7  (citing *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761 (9th Cir. 1990)). In the context of copyright or trademark infringement cases, a plaintiff sufficiently alleges that its claim arises out of the defendant's forum-related acts if it "alleges that it would not have been injured but for Defendant's infringing conduct." *Id*. at \*8. "The Ninth Circuit has recognized that, in trademark or copyright infringement actions, if the defendant's infringing conduct harms the plaintiff in the forum, this element is satisfied." *Id*. at \*7  (quoting *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 963 (N.D. Cal. 2015)).

Certainly in this case, Plaintiffs would not have been injured but for Defendants' infringing conduct, and that infringing conduct has harmed Plaintiffs in this forum. It cannot be

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                                     -7-

ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
 FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                              4:16-cv-06765-HSG

disputed that California is a large market for parcel and freight shipments and one that Audintel competes in with enVista's myShipINFO software. myShipINFO is enVista's flagship product and the main driver for the growth of its business. enVista would not only be growing its customer base but also would not be losing existing business (much of which exists in California) if Mr. Sinha had not wrongfully committed the unauthorized acts of accessing, copying, using, and modifying enVista's myShipINFO source code. enVista has incurred and is incurring harm in this forum.

### 3.     Exercising Jurisdiction Over Mr. Sinha Is Reasonable.

When, as here, a plaintiff meets the burden in showing the first two prongs of the Minimum Contact Test, "the burden then shifts to the defendant to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Enertrode Inc.*, 2016 WL 7475611 at *3 (quoting *Burger King Corp.*, 471 U.S. at 476-78). For reasonableness, the Ninth Circuit considers and balances seven factors, with no single one of them being dispositive:

> (1) the extent of the [defendant's] purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternate forum.

*Fighters Market Inc.*, 2016 WL 4879437 at *8 (quoting *Panavision Int'l*, 141 F.3d at 1323). Finding a court exercising jurisdiction over a defendant to be unreasonable is met only in "rare situation[s] in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994).

Mr. Sinha has not and cannot put forth a compelling case that the exercise of jurisdiction in this case would be unreasonable.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                                    -8-
ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                      4:16-cv-06765-HSG

### a.   Defendant's purposeful interjection into the forum state's affairs

First, "[t]he factor of purposeful interjection is analogous to the purposeful direction analysis discussed above." *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988). As noted above, enVista has demonstrated that Mr. Sinha personally and through his California corporation, Audintel, purposefully directed his wrongful activities towards California. This factor weighs in favor of the court exercising personal jurisdiction over Mr. Sinha.

### b.   The burden on Defendant defending in this forum

Mr. Sinha does not face a great burden in defending his interests in this forum. "[U]nless the 'inconvenience is so great as to constitute a deprivation of due process it will not overcome clear justifications for the exercise of jurisdiction.'" *Openwave Sys. Inc. v. Fuld*, No. C 08-5683 SI, 2009 WL 1622164, at *13 (N.D. Cal. June 6, 2009) (quoting *Panavision Int'l*, 141 F.3d at 1323). Though Mr. Sinha now resides in India, "advances in technology and discounted airfare do not make it unreasonable for defendants to litigate in California." *Id.* (citing *Panavision Int'l, L.P.*, 141 F.3d at 1323).

In addition, Mr. Sinha will be Audintel's key witness (if not only witness) in this case. Audintel is Mr. Sinha's company. Mr. Sinha founded it and runs it. He and his company are the ones being alleged to have made unauthorized copies of Plaintiff's software and now competing with Plaintiffs within the U.S. If he wants to defend at least the allegations against his company, Mr. Sinha will be coming to the U.S. to testify on its behalf, because he is likely the only one who knows all of the facts. *See* Korrell Decl. at ¶7, Exh. 6 (Audintel's Initial Disclosures) at Sect I.3 ("individuals in India may have relevant information, but it is yet to be determined whether such individuals would voluntarily participate in discovery processes, and it may be impossible to force them to participate through subpoena or other Court order. Furthermore, it has not yet been determined whether this case may proceed given that a named party, who may be a necessary party, lives in India and has not yet been served").

Furthermore, and not surprisingly, Mr. Sinha is represented by the same attorneys as Audintel, who include local attorneys based in San Francisco, California.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                               -9-
ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                    4:16-cv-06765-HSG

This factor weighs in favor of exercising personal jurisdiction over Mr. Sinha.

**c.      The extent of conflict with the sovereignty of Defendants' state**

This Court's exercise of jurisdiction will not conflict with the sovereignty of India. At issue in this case are multiple claims specific to United States and California laws, such as those covering trade secret misappropriation, copyright infringement, and unfair competition. Plaintiffs' claims pursuant to these laws cannot be determined by or conflict with an Indian proceeding between the parties. On the contrary, the breach of contract claims are well within the capabilities of a federal court situated in California who is capable of interpreting Indian law for the limited questions arising out of the breaches of contract. This factor weighs in favor of exercising personal jurisdiction over Mr. Sinha.

**d.      The forum state's interest in adjudicating the dispute**

"California has 'a strong interest in protecting its residents from torts that cause injury within the state, and in providing a forum for relief.'" *Openwave Sys. Inc.*, 2009 WL 1622164, at \*14 (quoting *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1260 (9th Cir. 1989)). As in any other tort case, California has a strong interest in protecting Plaintiffs from Defendant's torts that have caused injury in this state, and in providing a suitable forum for Plaintiffs' relief. This factor weighs in favor of exercising personal jurisdiction over Mr. Sinha.

**e.      The most efficient judicial resolution of the controversy**

California is the most efficient forum to resolve this controversy, especially given the claims specific to U.S. and California laws. This factor weighs in favor of exercising personal jurisdiction over both Defendants Audintel and Mr. Sinha.

**f.      The importance of the forum to Plaintiffs' interest in convenient and effective relief**

California is an important forum to Plaintiffs' interest in convenient and effective relief. Plaintiffs' brought this action in California because Defendant Audintel's state of incorporation and primary place of business is California. Mr. Sinha, as a founder, director, and majority shareholder of Audintel, a California corporation, made a conscious decision to benefit from the

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                                        -10-

ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                          4:16-cv-06765-HSG

protections of but also be subjected to the laws of California. This factor weighs in favor of exercising personal jurisdiction over Mr. Sinha.

### g. The existence of an alternate forum

While an alternate forum may exist for adjudicating some of Plaintiffs' grievances, there is no other forum that can resolve both the U.S. and California-based claims at issue in this case. This factor weighs in favor of exercising personal jurisdiction over Mr. Sinha.

In sum, the balance of these factors indicates that it is reasonable, and Mr. Sinha has not shown that it would be unreasonable, to exercise personal jurisdiction over him in California.

### B. This Court May Also Assert Specific Jurisdiction Over Defendant Under the Federal Long-Arm Statute

The Court may also exercise jurisdiction over Mr. Sinha because Mr. Sinha has directed his tortious activities to have an effect throughout the U.S. To the extent that this Court finds that Mr. Sinha's contacts with California alone are insufficient to support an exercise of personal jurisdiction, jurisdiction exists over Mr. Sinha under Federal Rule 4(k)(2) due to his aggregate contacts with the United States. Rule 4(k)(2) of the Federal Rules of Civil Procedure provides:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2). The rule "'authorizes jurisdiction based on a defendant's national contacts.'" *Teras Cargo Transp. (Am.), LLC*, 2015 WL 6089276, at *4 (quoting *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1126 (9th Cir. 2002)). This rule requires a three factor test: "(1) the cause of action must arise under federal law; (2) the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction must comport with due

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                                -11-

ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                    4:16-cv-06765-HSG

process." *Id.* (quoting *Glencore Grain Rotterdam B.V.*, 284 F.3d at 1126).

### 1.     The Action Arises Under Federal Law

The Complaint includes claims of trade secret misappropriation arising under the Defend Trade Secrets Act of 2016 (18 U.S.C. §§ 1831-1839), copyright infringement under the Copyright Act of 1976 (17 U.S.C. § 106), and unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).[1] Complaint, at ¶5. Therefore, this action arises under federal law and meets the first factor of the test under Rule 4(k)(2).

### 2.     Defendant Has Admitted that He Is Not Subject to Jurisdiction Anywhere in the United States

The second factor of the analysis focuses primarily on Defendant because "proving lack of personal jurisdiction in every state 'could be quite onerous,' and because 'it is the defendant, not the plaintiff, that likely possesses most of the information necessary to do so,' '[a] defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed.'" *Goes Int'l, AB v. Dodur Ltd.*, No. 3:14-CV-05666-LB, 2015 WL 5043296, at *7 (N.D. Cal. Aug. 26, 2015) (citing *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461–62 (9th Cir. 2007)). In his declaration, Mr. Sinha asserts that he has not had minimal contacts with California. (*See* Dkt. No. 44-1, Decl. of Raghvendra Sinha, at ¶¶ 3-10.) Based on this affidavit, it appears unlikely that Mr. Sinha will admit that he is subject to jurisdiction anywhere in the United States. The second factor is therefore met.[2]

### 3.     Defendant's Contacts with the United States as a Whole Satisfy the Applicable Constitutional Requirements

The third factor of the Rule 4(k)(2) test is whether Defendant has had sufficient minimum contacts with the United States as a whole to justify establishing personal jurisdiction.

---

[1] Although Defendant Audintel has filed a motion to dismiss several of the federal causes of action asserted against it and Mr. Sinha (Dkt. 22), it did not challenge the federal copyright claim. Thus, even if the court grants Audintel's motion completely, the federal copyright claim will remain.

[2] The Seventh Circuit has held that if a defendant contends that it cannot be sued in the forum state, but does not identify any other state in which a suit is possible, the court is entitled to assert jurisdiction under Rule 4(k)(2). *ISI Int'l, Inc. v. Borden Lasdner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                                    -12-

*Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 215 (4th Cir. 2002). As described in Section III(A) above, Defendant chose to engage in tortious conduct directed at Plaintiffs in California.

Mr. Sinha, through his California corporation, committed intentional torts against a United States company for the purposes of obtaining customers located within the United States and servicing their accounts within the United States. These contacts are clearly sufficient to satisfy the applicable constitutional requirements and justify exercising personal jurisdiction over Defendant in the United States.

### C.   Plaintiffs Are Entitled to Jurisdictional Discovery or at Least Dismissal Without Prejudice to Further Establish Jurisdiction if Necessary.

Should the Court determine that the contacts presently identified on the record do not yet meet the test for specific personal jurisdiction, Plaintiffs request that the Court delay ruling on the present motion and permit Plaintiffs leave to conduct limited jurisdictional discovery on an expedited basis.

A plaintiff may obtain discovery in response to a defendant's claim that it is not subject to personal jurisdiction. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Indeed, "discovery should be granted when . . . the jurisdictional facts are contested or more facts are needed." *Id.* (emphasis added); *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (same); *see also Invitrogen Corp. v. President & Fellows of Harvard Coll.*, Case No. C-07-CV-0878-JLSPOR, 2007 WL 2915058, at *4 (S.D. Cal. Oct. 4, 2007) ("[A]n order granting limited discovery is required . . . to afford Plaintiff the opportunity to obtain evidence to prove its jurisdictional claim."); *see also Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 674 (S.D. Cal. 2001) (citing *Wells Fargo*, and explaining, "[t]his Court sees a fundamental difference between a declaration or affidavit that attests to a defendant's lack of contacts with the forum state and one that admits contacts but concludes they do not matter. . . . Plaintiff should not be bound solely by the contents of [declarant's] affidavit or by Defendant's conclusions that the contacts disclosed therein are insufficient to

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                                    -13-
ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                    4:16-cv-06765-HSG

establish personal jurisdiction."). While district court discretion in this area is broad, district courts abuse their discretion by denying discovery "[w]here further discovery on an issue 'might well' demonstrate facts sufficient to constitute a basis for jurisdiction." *Mehr v. Fed'n Internationale de Football Ass'n*, 115 F. Supp. 3d 1035, 1054 (N.D. Cal. 2015) (quoting *Harris Rutsky & Co.*, 328 F.3d at 1135).

Plaintiffs can expeditiously prepare and serve discovery on Mr. Sinha, including targeted discovery concerning Mr. Sinha's contacts with California and the U.S., such as his company's customers and marketing efforts. Accordingly, should this Court continue its hearing or ruling on Mr. Sinha's Motion and allow jurisdictional discovery, Plaintiffs request that the Court issue an order permitting Plaintiffs to propound limited jurisdictional discovery on Mr. Sinha and establishing an abbreviated schedule for responses.

If the Court denies Plaintiffs' request to conduct jurisdictional discovery, then the dismissal of Mr. Sinha should be without prejudice so that Plaintiffs will be able to bring him back in after discovery of Audintel's business records establishes that Mr. Sinha has more than the necessary minimal contacts with California and the U.S. for this court to exercise personal jurisdiction over him.

### D.    Venue is Appropriate in this District

Mr. Sinha incorrectly argues that this case is not appropriately venued in this court. A case is appropriately venued where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). This does not mean that a majority of events or omissions must have occurred in the district or that they predominate, or that it be the "best" venue. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003); *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003). Here, Mr. Sinha is accused of violating U.S. federal civil laws such as misappropriating trade secrets, copying copyrighted source code, and, through his California corporation, falsely representing that the source code was developed by himself and Audintel. These federal causes of action are the core of this lawsuit against Mr. Sinha and his company Audintel. While the non-federal breach of contract claims against Mr.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5                    -14-
ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE                    4:16-cv-06765-HSG

Sinha are included in the lawsuit, they are secondary to the federal claims and only involve one party to the suit, but the Court may still exercise supplemental jurisdiction over the claims under 28 U.S.C. § 1367. Thus, while the forum selection clause in the Separation Agreement requires that the parties resolve any disputes relating to the contract in Hyderabad, the federal claims require that this case be brought in a U.S. federal district court and the California state law claims require a California state court. Moreover, Mr. Sinha offers no alternative forum within the U.S. that would be more appropriate to bring this suit, effectively waiving this venue challenge.

In the alternative, if no other venue is proper, venue is proper under the so-called "fallback" venue provision that allows for venue in a district in which "any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b)(3). Here, it is undisputed that venue is appropriate in this district for co-defendant Audintel, a California corporation with its principal business location in Cupertino, California. Thus, because Mr. Sinha did not offer any alternative venue within the U.S., and California is proper for at least one co-defendant, the Court should deny Mr. Sinha's improper venue challenge.

## IV.  CONCLUSION

For the foregoing reasons, Mr. Sinha's motion to dismiss for lack of personal jurisdiction and/or improper venue should be denied. In the alternative, the Court should grant Plaintiffs' request to conduct limited jurisdictional discovery of Defendant.

Dated:  May 25, 2017

HOPKINS & CARLEY
A Law Corporation

By: */s/ John V. Picone III*
  John V. Picone III
  Jennifer S. Coleman
  C. Gideon Korrell
  Attorneys for Plaintiffs
  ENVISTA, LLC, and
  ENVISTA CONCEPTS, LLC

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

870\2669708.5

-15-

ENVISTA'S OPPOSITION TO SINHA'S MOTION TO DISMISS
FOR LACK OF JURISDICTION AND/OR IMPROPER VENUE

4:16-cv-06765-HSG